# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| ROBERT J. STENGL, DANIEL WILL, GARY K. COLLEY, LESLIE D. DIAZ, AMAYA JOHNSON, WILLIAM A. MCKINLEY and JOHN KARIPAS, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) |  |
|  | ) | **CASE NO:** |
| Plaintiffs, | ) | **6:22-cv-00572-PGB-LHP** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| L3HARRIS TECHNOLOGIES, INC., THE BOARD OF DIRECTORS OF L3HARRIS TECHNOLOGIES, INC., and THE INVESTMENT COMMITTEE OF L3HARRIS TECHNOLOGIES, INC. | ) ) ) ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) ) |  |

# PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ..................................2

    A.    The Parties and the Class .................................................2

    B.    Claims for Relief.............................................................2

    C.    Procedural History ..........................................................3

    D.    The Proposed Settlement ...................................................5

    E.    Class Notice and Administration of Claims...........................6

    F.    Fees and Expenses...........................................................6

    G.    Proposed Date of Final Approval Hearing ...........................7

III.  THE PROPOSED SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE ...................................................................................7

    A.    The Court Has Previously Certified a Class..........................7

    B.    The Settlement Meets the Standards for Preliminary Approval Under Federal Rule of Civil Procedure 23 ...........................8

    C.    The Settlement Satisfies the Eleventh Circuit's Test of Fairness ..........10

        1.    The likelihood of Plaintiffs' Success at trial weighs in favor of preliminary approval ..........................................11

        2.    The possible range of recovery supports preliminary approval ................................................................12

        3.    The complexity, expense, and likely duration of continued litigation support approval ......................................13

        4.    Opposition to the Settlement is a moot factor ............14

          5.     The Settlement was achieved at an appropriate stage................15

    D.     The Proposed Notice Plan Should be Approved by The Court ...........15

III.     CONCLUSION ...........................................................................................17

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

C<small>ASES</small>

*Behrens v. Wometco Enters., Inc.*,
118 F.R.D. 534 (S.D. Fla. 1988) ........................................................................ 12

*In re BellSouth Corp. ERISA Litig.*,
2006 WL 8431178 (N.D. Ga. Dec. 5, 2006) ......................................................... 11

*Bennett v. Behring Corp.*,
737 F.2d 982 (11th Cir. 1984) ..................................................................... 10, 11

*Cin-Q Autos., Inc. v. Buccaneers Ltd. P'ship*,
2022 WL 911388 (M.D. Fla. Mar. 29, 2022) ....................................................... 15

*Cotton v. Hinton*,
559 F.2d 1326 (5th Cir. 1977) .......................................................................... 13

*In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*,
248 F.R.D. 483 (E.D. Mich. 2008) ..................................................................... 11

*Dorado v. Bank of Am., N.A.,*
2017 WL 5241042 (S.D. Fla. Mar. 24, 2017) ....................................................... 15

*Dover v. Yanfeng US Automotive Interior Sys. I LLC*,
2023 WL 2309762 (E.D. Mich. Mar. 1, 2023) ....................................................... 13

*Family Med. Pharmacy, LLC v. Trxade Grp., Inc.*,
2016 WL 6573981 (S.D. Ala. Nov. 4, 2016) ................................................... 10, 15

*Flores v. Acorn Stairlifts, Inc.*,
2020 WL 9549903 (M.D. Fla. Jan. 31, 2020) ....................................................... 14

*Florida Education Association v. Department of Education,*
2019 WL 8272779 (N.D. Fla. Nov. 4, 2019) ................................................... 14, 15

*In re Global Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) ....................................................................... 12

*Hanley v. Tampa Bay Sports and Ent. LLC,*
2020 WL 357002 (M.D. Fla. Jan. 7, 2020) ............................................................ 16

*In re HealthSouth Corp. ERISA Litig.,*
2006 WL 2109484 (N.D. Ala. June 28, 2006) ...................................................... 17

*Henderson v. Emory Univ.,*
2020 WL 9848976 (N.D. Ga. June 11, 2020) ....................................................... 16

*Hillis v. Equifax Consumer Servs., Inc.,*
2007 WL 1953464 (N.D. Ga. June 12, 2007) .......................................................... 8

*Jairam v. Colourpop Cosmetics, LLC,*
2020 WL 5848620 (S.D. Fla. Oct. 1, 2020) ............................................................ 8

*Karpik v. Huntington Bancshares Inc.,*
2021 WL 757123 (S.D. Ohio Feb. 18, 2021) ......................................................... 12

*In re Motorsports Merch. Antitrust Litig.,*
112 F. Supp. 2d 1329 (N.D. Ga. 2000) .................................................................... 8

*Nelson v. Mead Johnson & Johnson Co.,*
484 F. App'x 429 (11th Cir. 2012) ................................................................. 11, 15

*Nolan v. Integrated Real Estate Processing, LP,*
2009 WL 10670779 (M.D. Fla. Sept. 9, 2009) ....................................................... 9

*Perez v. Asurion Corp.,*
501 F. Supp. 2d 1360 (S.D. Fla. 2007) .................................................................. 12

*Pledger v. Reliance Trust Co.,*
2021 WL 2253497 (N.D. Ga. Mar. 8, 2021) ......................................................... 13

*Strube v. Am. Equity Inv. Life Ins. Co.,*
226 F.R.D. 688 (M.D. Fla. 2005) ........................................................................... 13

*Tweedie v. Waste Pro of Fla., Inc.,*
2021 WL 3500844 (M.D. Fla. May 4, 2021) ......................................................... 11

## STATUTES

FED. R. CIV. P. 23(b)(1)(B) ..................................................................................... 10

iv

FED. R. CIV. P. 23(e) ...................................................................... 8, 16

FED. R. CIV. P. 23(e)(1)(B) ..................................................................8

FED. R. CIV. P. 23(e)(2) ................................................................... 8, 9

FED. R. CIV. P. 23(e)(2)(ii) ..................................................................8

FED. R. CIV. P. 23(e)(3)........................................................................9

## Other Sources

*Newberg on Class Actions* § 11.25 (4th ed.)...................................................9

*Newberg on Class Actions* § 11:53 (4th ed. 2010) .......................................16

Restatement (Third) of Trusts § 100 ....................................................12

## I.   INTRODUCTION

Plaintiffs, Robert T. Stengl, Daniel Will, Gary L. Colley, Leslie D. Diaz, Amaya Johnson, William A. McKinley and John Karipas, (collectively, "Plaintiffs"), by and through their undersigned counsel on behalf of L3Harris Retirement Savings Plan (the "Plan"), respectfully submit this Memorandum of Law in support of their motion for preliminary approval of the proposed Settlement of this ERISA class action[1].

In this hard-fought litigation, the Parties have now agreed to a settlement, which Plaintiffs present to the Court for preliminary approval. The proposed Settlement provides for a cash payment of $650,000.00 (the "Settlement Amount"). The Parties agreed to the Settlement only after arms-length negotiations, which included highly experienced lead attorneys who have litigated many similar cases. The negotiations included two mediation sessions conducted by Jay M. Cohen, Esq., a respected, nationally recognized professional mediator who is on this Court's panel of mediators.

Plaintiffs believe the Settlement is an excellent result, providing a substantial, immediate payment to Class Members and eliminating the risk and cost of trial. A trial could have resulted in a reduced recovery or no recovery at all. As set forth

---

[1] The Settlement Agreement is attached as Exhibit 1 to the Gyandoh Declaration in Support of Preliminary Approval ("Gyandoh Decl."). Exhibits to the Settlement Agreement include the proposed: Final Approval Order and Judgment (Ex. A), Long Form Settlement Notice (Ex. B), Plan of Allocation (Ex. C), Preliminary Approval Order (Ex. D), and the proposed Short Form Postcard Settlement Notice (Ex. E). The provisions of the Settlement Agreement, including all definitions and defined terms, are incorporated by reference herein.

below, the Settlement is fair, reasonable, and adequate under governing law, and meets all prerequisites for preliminary approval and dissemination of the proposed class notice.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Parties and the Class

The named Plaintiffs are Robert T. Stengl, Daniel Will, Gary L. Colley, Leslie D. Diaz, Amaya Johnson, William A. McKinley and John Karipas. (AC ¶¶ 26-33). Plaintiffs w e r e participants in the Plan. *Id.* The Defendants are L3Harris Technologies, Inc. ("L3Harris"), the Board of Directors of L3Harris Technologies, Inc., and the Investment Committee of L3Harris Technologies, Inc. Defendants are alleged to be fiduciaries of the Plan. The proposed Settlement Class consists of persons who were participants in the Plan between November 23, 2015 through December 31, 2019. The Plan ceased to exist after the latter date, because it was merged into a successor plan as a result of a corporate merger.

### B.   Claims for Relief

Plaintiffs' claims concern Defendants' alleged breaches of fiduciary duties as Plan fiduciaries by, *inter alia*, (1) failing to objectively and adequately review the Plan's investment portfolio with due care to ensure that each investment option was prudent, in terms of cost; (2) maintaining certain funds in the Plan despite the availability of identical or materially similar investment options with lower costs and/or better performance histories; and (3) failing to control the Plan's

2

administrative and recordkeeping costs. (AC ¶ 19). The claims alleged in the operative complaint are as follows:

> COUNT I: Breaches of Fiduciary Duty of Prudence (asserted against the Committee)

> COUNT II: Failure to Adequately Monitor Other Fiduciaries (asserted against L3Harris and the Board).

Defendants deny each of these claims and deny that they ever engaged in any wrongful conduct.

### C.   Procedural History

Plaintiffs filed their original Complaint on March 18, 2022, following several months of pre-trial investigation and then exhausting the Plan's administrative remedies. Gyandoh Decl., ¶¶ 3-8. Prior to filing suit, Plaintiffs engaged consulting experts and requested numerous documents and information from Defendants pursuant to Section 104(b)(4) of ERISA. Plaintiffs filed an Amended Complaint on June 14, 2022 (ECF No. 40). *Id.*, ¶ 9. Defendants filed a Motion to Dismiss the Amended Complaint on June 24, 2022 (ECF No. 43). *Id.*, ¶ 11. On July 15, 2022, Plaintiffs filed their opposition, and on July 28, 2022, Defendants filed their reply. (ECF Nos. 49 and 53, respectively). On March 24, 2023, the Court denied Defendants' Motion to Dismiss entirely. (ECF No. 72).

Following the Court's Motion to Dismiss decision, the Parties engaged in fact and expert discovery, including the exchange of expert reports. Gyandoh Decl., ¶¶ 19- 25. Defendants produced over 16,000 pages of documents and deposed seven of

the original eight (one Plaintiff dropped out) Plaintiffs as well as Plaintiffs' expert.[2] *Id*. Plaintiffs deposed two committee members and Defendants' three expert witnesses. *Id*.

Plaintiffs filed an Unopposed Motion for Class Certification (ECF 63) on November 28, 2022. This Court issued an Order Granting the Motion to Certify Class on June 5, 2023 (ECF No. 92). Defendants then filed a motion to exclude the testimony of Plaintiffs' expert (ECF No. 97) and a motion for summary judgment (ECF No. 99). Both motions were fully briefed by the Parties by October 20, 2023.

The Parties participated in two mediation sessions on September 18, 2023 and on December 21, 2023, conducted by Jay M. Cohen, Esq. *Gyandoh Decl.,* ¶¶ 17, 29. The Parties ultimately reached an agreement in principle to settle the Action on mutually agreeable terms on December 21, 2023. *Id*., ¶30. On December 22, 2023, the Parties filed a Joint Notice of Resolution (ECF. No. 112). The court administratively closed the matter, pending the filing of a Motion for Preliminary Approval of Settlement, ordering the Proposed Class Action Settlement to be submitted to the Court no later than March 4, 2024. (ECF. No. 113). Over the course of the subsequent weeks, counsel prepared the settlement agreement and related papers to memorialize the precise terms of the Settlement and Plan of Allocation, which are incorporated into the Settlement Agreement presented to the Court today. *Gyandoh Decl.,* ¶ 30.

---

[2] On June 1, 2023, the Parties filed a Joint Stipulation of Dismissal of Plaintiff Ronald F. Kosewicz (ECF No. 90). The Court issued an Order Granting the Joint Stipulation on June 5, 2023 (ECF No. 91).

### D.   The Proposed Settlement

In exchange for releasing their claims, the Settlement provides that Defendants will pay $650,000 (six hundred and fifty thousand dollars) to Class Members pursuant to the Court-approved Plan of Allocation discussed below.   Plaintiffs' Counsel evaluated numerous damages scenarios involving the claims in the case. Regarding the investment funds claim, Defendants made strenuous arguments in their motions for summary judgment and to exclude Plaintiffs' expert that there were no damages resulting from the investment funds claim.   (*See* ECF Nos. 97-99). Taking Defendants' arguments into due consideration, Plaintiffs believed their most realistic viable claims related to the recordkeeping claim which Plaintiffs' estimated to have a maximum potential value of just under $3 million.  Of course, Defendants also strenuously argued Plaintiffs suffered no damages under the recordkeeping claim.

Based on these circumstances, Plaintiffs' Counsel evaluated the risks of proceeding without a settlement. Given that the Settlement amount represents roughly 22% of the likely best-case outcome for Plaintiffs, Plaintiffs believe the Settlement Amount is fair and adequate.

Further, the Plan of Allocation is premised on aggregating all participants' account balances throughout the Class Period and then distributing each participant's individual share of the Settlement fund based on their individual account balances in proportion to the sum of the balance for all Class Members.

### E.     Class Notice and Administration of Claims

Plaintiffs have selected Analytics Consulting LLC ("Analytics") to be the Settlement Administrator. Analytics is highly experienced in class action claims administration.  Upon preliminary approval, Analytics will mail, by first class mail, the proposed Short Form Postcard Notice to Settlement Class Members using addresses obtained from the Plan's recordkeeper. Analytics will administer a skip trace and receive updated address information for any notices that are returned for lack of a forwarding address and re-mail the notices to the updated addresses. Additionally, Analytics will establish a Settlement Website providing Settlement Class Members with the long form notice, important case documents, pertinent information, and contact information for the Settlement Administrator, Class Counsel, and Defendants' Counsel.

Lastly, Analytics will institute a case-specific toll-free number for members to listen to an Interactive Voice Response ("IVR") system or speak with a live agent. The Long Form and Short Form Postcard Notices, website, and telephone number will inform Settlement Class Members of their rights to object, the deadline to object, their inability to opt-out, Plaintiffs' intention to seek incentive awards for the class representatives, and Class Counsel's request for attorney's fees and expenses.

### F.     Fees and Expenses

The Gross Settlement Amount is inclusive of an attorney fees award not to exceed one third of the Gross Settlement Amount. Put differently, the attorney fee

award will be a maximum of $216,645. The Settlement Agreement also provides for reimbursement of reasonable attorney expenses, which are currently estimated to be $80,000.  These amounts are to be paid from the Gross Settlement Amount.

### G.   Proposed Date of Final Approval Hearing

Plaintiffs request the Court schedule a Final Approval Hearing at least one hundred and ten days from the filing of this motion to allow sufficient notice of the Settlement to the Settlement Class.

## III.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE.

### A.  The Court Has Previously Certified a Class

Given that the Court has previously certified a Class, appointed class counsel and class representatives, it is unnecessary for the Court to re-evaluate the basis for granting class certification in the first instance, particularly where there is no challenge regarding the appropriateness of a class.[3] However, the Parties seek a slightly modified settlement class definition. The Settlement Class is defined as:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Former Plan from November 23, 2015 through December 31, 2019.

---

[3] The basis for certifying a class, including the adequacy of Plaintiffs and their counsel, were set forth in Plaintiffs' memorandum and supporting declarations in support of their motion for class certification which are incorporated here by reference.  *See* ECF No. 63.  For purposes of supporting the Settlement and their adequacy as representatives of the Settlement Class, Class Counsel and Plaintiffs do submit additional declarations describing their efforts to date in this Action.

Settlement Agreement, Art. 1.43; 1.45. [4] The Parties believe this revised class definition simplifies the class definition and allows for fair distribution of the Settlement proceeds given that the new definition encompasses all Current and Former Participants of the Plan who paid recordkeeping fees during the Class Period. As explained above, the recordkeeping claim is likely Plaintiffs' most viable claim under the circumstances of this case. Further, the amended class definition meets the requirements of Rules 23(a) and (b).

### B.  The Settlement Meets the Standards for Preliminary Approval Under Federal Rule of Civil Procedure 23

"Federal courts have long recognized a strong policy and presumption in favor of class action settlements." *Jairam v. Colourpop Cosmetics, LLC*, 2020 WL 5848620, at *3 (S.D. Fla. Oct. 1, 2020). This is because settlements "conserve judicial resources by avoiding the expense of a complicated and protracted litigation process." *Hillis v. Equifax Consumer Servs., Inc.*, 2007 WL 1953464, at *9 (N.D. Ga. June 12, 2007) (quoting *In re Motorsports Merch. Antitrust Litig.*, 112 F. Supp. 2d 1329, 1333 (N.D. Ga. 2000)).

Pursuant to Federal Rule of Civil Procedure 23(e), at the preliminary approval stage, the court must determine whether it "will likely be able to: (i) approve the

---

[4] The prior certified class was defined as: All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the L3 Technologies Master Savings Plan, and either (i) paid recordkeeping and administration fees at any time from November 23, 2015 through July 1, 2018 (the "Recordkeeping Class Period"), or (ii) were invested in allegedly imprudent investment options from November 23, 2015 through December 31, 2019 (the "Imprudent Investment Class Period"). ECF No. 92.

proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." FED. R. CIV. P. 23(e)(1)(B). Rule 23(e)(2) specifies factors the court must ultimately consider at the final approval stage:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3) [5]; and
>
> (D) the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2).

At the preliminary approval stage, the Court must determine whether the Settlement is "sufficiently fair, reasonable and adequate on its face to warrant presentation to the class members." *Nolan v. Integrated Real Estate Processing, LP*, 2009 WL 10670779, at *6 (M.D. Fla. Sept. 9, 2009) (citing 4 *Newberg on Class Actions* § 11.25

---

[5] Rule 23(e)(3) requires that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal." FED. R. CIV. P. 23(e)(3). There are no agreements, other than the Settlement itself, in this case.

(4th ed.)); *see also Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The Court should grant preliminary approval "where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Family Med. Pharmacy, LLC v. Trxade Grp., Inc.*, 2016 WL 6573981, at *7 (S.D. Ala. Nov. 4, 2016).

Here, as discussed above (1) the Settlement was negotiated at arm's length by experienced counsel with the assistance of an experienced mediator after the close of all discovery and after the parties completed summary judgment briefing , (2) the Settlement Class was adequately represented by Plaintiffs and Class Counsel, and (3) the relief provided is adequate and equitable to all Settlement Class Members as the proposed Plan of Allocation provides for a *pro rata* distribution based on account balances. Additionally, the Settlement Agreement guarantees a substantial and prompt payment to the Plan and therefore Class members. This relief is far preferable to the possibility of a smaller recovery or none at all. In sum, the proposed Settlement is an excellent result and merits preliminary approval under Federal Rule of Civil Procedure 23(e)(1)(B).

## C.   The Settlement Satisfies the Eleventh Circuit's Test of Fairness

The Eleventh Circuit has endorsed the use of a six-factor test to determine whether the proposed settlement is fair, reasonable, and adequate and free from fraud or collusion:

> (1) the likelihood of success at trial; (2) the range of possible recovery;
> (3) the point on or below the range of possible recovery at which

the settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of the proceedings at which the settlement was achieved.

*Nelson v. Mead Johnson & Johnson Co.,* 484 F. App'x 429, 434 (11th Cir. 2012); *Bennett,* 737 F.2d at 986 (collecting cases). Analysis of the Settlement under these factors confirms the Settlement should be preliminarily approved.

### 1.   The likelihood of Plaintiffs' success at trial weighs in favor of preliminary approval.

If this case were to proceed to trial, the Parties would litigate whether Defendants' failure to prudently replace funds in the Plan with lower cost, better performing alternatives, and Defendants' failure to monitor and control the Plan's recordkeeping costs constituted a breach of Defendants' fiduciary duties to Plan participants. This factor is satisfied when "[t]he Settlement Class Members also benefit from the potential receipt of a monetary payment without the expense and risks associated with litigation, including the risk of a smaller or no award." *Tweedie v. Waste Pro of Fla., Inc.*, 2021 WL 3500844, at * 10 (M.D. Fla. May 4, 2021).

Although a trial on the merits in any case always entails some risk, in the context of ERISA breach of fiduciary duty class actions, the risk of losing at trial is especially considerable. *See, e.g., In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 496-97 (E.D. Mich. 2008) ("Plaintiffs admit that risk is inherent in any litigation, particularly class actions. The risk is even more acute in the complex areas of ERISA law … ."); *In re BellSouth Corp. ERISA Litig.*, 2006 WL 8431178, at

*5 (N.D. Ga. Dec. 5, 2006) ("[T]he rapid influx of new [ERISA] precedents presents an ever changing legal landscape, and there is a constant risk that the law will change before judgment.").

Indeed, the Defendants' summary judgment motion, and motion to exclude the expert testimony of Plaintiffs' expert, highlights that a potential trial brings real uncertainties for both sides. Although Plaintiffs are confident in their case, they are also very aware of the significant risk they could recover nothing or recover less in damages than the Settlement provides. Thus, this factor is satisfied.

### 2.     The possible range of recovery supports preliminary approval.

"A district court must first determine the appropriate standard of damages (in order to calculate the range of recovery), and then determine where in this range of recovery a fair, adequate and reasonable settlement amount lies." *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1380 (S.D. Fla. 2007) (citing *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 541 (S.D. Fla. 1988)). Here, "the legal and factual complexities and uncertainties of the ERISA damages case also militate in favor of settlement." *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 460 (S.D.N.Y. 2004). This is because, "[e]ven if Plaintiffs established a fiduciary breach, it is 'difficult' to measure damages in cases alleging imprudent or otherwise improper investments." *Karpik v. Huntington Bancshares Inc.*, 2021 WL 757123, at *5 (S.D. Ohio Feb. 18, 2021) (quoting Restatement (Third) of Trusts § 100 cmt. b(1) (Am. L. Inst. 2012)).

Plaintiffs recognize Defendants' experts' opinions and pending motion to exclude Plaintiffs' expert's testimony cast doubt on the class's ability to realize the full amount of likely potential damages, especially relating to the investment funds. Indeed, if the Court were to side with Defendants it would result in zero damages regarding the investment fee claim and potentially zero damages for the recordkeeping claim as well. The proposed Settlement Amount of $650,000.00 is an appropriate discount to avoid the costs of continued litigation and potential risk for Plaintiffs to receive less or no damages.

### 3. The complexity, expense, and likely duration of continued litigation support approval.

"Particularly in class action suits, there is an overriding public interest in favor of settlement [because it] is common knowledge that class action suits have a well deserved reputation as being most complex." *Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 698 (M.D. Fla. 2005) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). ERISA breach of fiduciary duty cases such as this have been recognized as being especially complex. *See, e.g.*, *Pledger v. Reliance Trust Co.*, 2021 WL 2253497, at *7 (N.D. Ga. Mar. 8, 2021) ("Effectively and successfully litigating an ERISA breach of fiduciary action requires a specialized knowledge and expertise that was demonstrated by Class Counsel. This litigation involved highly technical knowledge of investment plans, investment knowledge, and industry practices."); *Dover v. Yanfeng US Automotive Interior Sys. I LLC*, 2023 WL 2309762, at *5 (E.D. Mich. Mar. 1, 2023) ("ERISA class actions are complex, and the record shows that

counsel fought ably to vindicate their clients' interests in the face of rapidly evolving law regarding fiduciary duties under ERISA.").

This Action began after Plaintiffs exhausted their administrative remedies and has lasted for almost two more years. The motion to dismiss stage, the summary judgment stage, fact discovery, and expert discovery evince the Parties have expended time and resources to prepare and litigate the case fully through trial. Therefore, this factor weighs in favor of preliminary approval. Like the case in *Florida Education Association v. Department of Education,* this settlement should be preliminarily approved, because "the litigation is complex, has been protracted, already having consumed almost two years, and if not settled likely will go on for considerable additional time (including appeals) at substantial additional expense." 2019 WL 8272779, at *3 (N.D. Fla. Nov. 4, 2019).

### 4.    Opposition to the Settlement is a moot factor.

Although Plaintiffs, who are all Settlement Class Members, approve the Settlement, this factor cannot be fully analyzed until Class notice has been sent. *See Flores v. Acorn Stairlifts, Inc.*, 2020 WL 9549903, at *8 (M.D. Fla. Jan. 31, 2020) ("At this stage of the proceedings, there is no evidence regarding the fifth factor of the substance and amount of opposition to the Agreement.") Accordingly, if the Court preliminarily approves the Settlement and authorizes the Class Notice, Class Counsel will address any opposition to the Settlement in the final approval papers before the Fairness Hearing.

### 5.   The Settlement was achieved at an appropriate stage.

The Parties attended two mediations after voluminous fact discovery, completion of expert discovery, and Defendants filed their motion for summary judgement and motion to exclude Plaintiffs' expert. Thus, this Settlement was reached at an ideal stage because "each side entered the negotiations with a full understanding of the issues and potential pitfalls related to litigation of the claims." *Cin-Q Autos., Inc. v. Buccaneers Ltd. P'ship,* 2022 WL 911388, at *25 (M.D. Fla. Mar. 29, 2022); *see also, Dorado v. Bank of Am., N.A.,* 2017 WL 5241042, at *5 (S.D. Fla. Mar. 24, 2017) (finding this factor was satisfied because "[t]he case settled after meaningful discovery occurred, which permitted Plaintiff to evaluate the strengths and any weaknesses in her claim").

Moreover, Class Counsel believes the Settlement is an excellent result for the Settlement Class, which weighs in favor of approving the Settlement. *See, e.g.*, *Fla. Educ. Ass'n* , 2019 WL 8272779, at *4 (finding it persuasive that "the settlement is recommended by experienced class counsel, who are highly competent, with many years of experience litigating class actions including" similar cases); *Family Med. Pharmacy, LLC*, 2017 WL 1042079, at *5 ("In considering the settlement, the district court may rely upon the judgment of experienced counsel for the parties." (quoting *Nelson*, 484 F. App'x at 434)).

In sum, each factor weighs in favor of preliminary approval.

### D.   The Proposed Notice Plan Should Be Approved by The Court

"The notice need not be unduly specific. The notice of the Proposed Settlement, to satisfy both Rule 23(e) requirements and constitutional due process protections, need only be reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *See* 4 *Newberg on Class Actions* § 11:53 (4th ed. 2010). The Notice Plan agreed to by the Parties satisfies all due process considerations and meets the requirements of FED. R. CIV. P. 23(e). Here, Plaintiffs propose that in order to save expense, a Short Form Postcard Settlement Notice which is a two-sided postcard be mailed to Settlement Class Members. The postcard notice provides a summary of the Settlement and directs the Settlement Class Members to the Settlement Website where they can view/print a copy of the Long Form Settlement Notice as well as obtain copies of other Settlement related documents. The money saved from this notice process will allow for more funds to be distributed to eligible Settlement Class Members.

The proposed Class Notice describes in plain English: (i) the terms and conditions of the Settlement; (ii) the nature and extent of the release of claims; (iii) the maximum attorneys' fees and Incentive Awards that Plaintiffs and their counsel may seek; (iv) the procedure and timing for objecting to the Settlement; and (v) the date and place for the Fairness Hearing. Courts within this Circuit have approved as fair similar notices. *See, e.g.*, *Henderson v. Emory Univ.*, 2020 WL 9848976, at *4-6 (N.D. Ga. June 11, 2020) (Order Granting Preliminary Approval of Class Action Settlement); *Hanley v. Tampa Bay Sports and Ent. LLC,* 2020 WL 357002 at *4 (M.D.

Fla. Jan. 7, 2020) (same); *In re HealthSouth Corp. ERISA Litig.*, 2006 WL 2109484, at *3 (N.D. Ala. June 28, 2006) (same). In short, the proposed notice plan is the best practicable plan and warrants preliminary approval.

## IV.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully move the Court to grant their Unopposed Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice, Approval of Plan of Allocation, and Scheduling of Final Approval Hearing.

Dated:  March 1, 2024                    Respectfully submitted,

**CAPOZZI ADLER, P.C.**

*/s/ Mark K, Gyandoh*
Mark K. Gyandoh, Esquire
(admitted *pro hac vice*)
Thomas J. Sinclair, Esquire
(admitted *pro hac vice*)
James A. Wells, Esquire
(admitted *pro hac vice*)
312 Old Lancaster Road
Merion Station, PA 19066
Tel: (610) 890-0200
Fax (717) 233-4103
Email: markg@capozziadler.com
        thomass@capozziadler.com
        jayw@capozziadler.com

**CAPOZZI ADLER, P.C.**
Donald R. Reavey, Esquire
(admitted *pro hac vice*)
Brandon S. Williams, Esquire
(admitted *pro hac vice*)

2933 North Front Street
Harrisburg, PA 17110
(717) 233-4101
Fax (717) 233-4103
Email: donr@capozziadler.com
　　　　brandonw@capozziadler.com

**MATTHEW FORNARO, P.A.**

*/s/ Mathew Fornaro*
Matthew Fornaro, Esq.
FL ID #650641
Matthew Fornaro P.A.
11555 Heron Bay Boulevard
Suite 200
Coral Springs, FL  33076
Telephone:  (954) 324-3651
Fax:  (954) 248-2099
Email: mfornaro@fornarolegal.com


*Counsel for Plaintiffs and
the Class*