## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

ROBERT J. STENGL, DANIEL WILL, GARY K. COLLEY, LESLIE D. DIAZ, AMAYA JOHNSON, WILLIAM A. MCKINLEY and JOHN KARIPAS, individually and on behalf of all others similarly situated,

     Plaintiffs,

  v.

L3HARRIS TECHNOLOGIES, INC., THE BOARD OF DIRECTORS OF L3HARRIS TECHNOLOGIES, INC., and THE INVESTMENT COMMITTEE OF L3HARRIS TECHNOLOGIES, INC.

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO:**
**6:22-cv-00572-PGB-LHP**

## PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION.........................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND ...................................2

      A.      The Parties and the Class ...................................................2

      B.      Claims for Relief..............................................................2

      C.      Procedural History ...........................................................3

III.    THE SETTLEMENT AGREEMENT ..........................................4

IV.     THE NOTICE PLAN HAS BEEN EFFECTIVELY IMPLEMENTED........6

V.      THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT ......................................................................8

      A.      Legal Standard ................................................................8

      B.      The Settlement Satisfied the Eleventh Circuit's *Bennett* Factors Underscoring Its Fairness, Reasonableness, and Adequacy  ................9

      C.      The Settlement Satisfies the Eleventh Circuit's Test of Fairness............9

          1.      The likelihood of Success at Trial (*Bennett* Factor #1)................9

          2.      The Range of Possible Recovery and The Point on or Below the Range of Possible Recovery at Which a Settlement is Fair, Adequate, and Reasonable (*Bennett* Factors #s 2 and 3) ...................................................11

          3.      The Complexity, Expense, and Duration of Litigation (*Bennett* Factor #4)....................................................14

          4.      The Substance and Amount of Opposition to The Settlement (*Bennett* Factor #5) ...................................17

          5.      The Stage of Proceedings at Which the Settlement Was Achieved (*Bennett* Factor #6) ....................................17

VI.    THE REQUIREMENTS OF FED. R. CIV. P. 23(e)(2) ARE
SATISFIED .................................................................................................18

(1)    Effectiveness of Plan Distribution ......................................................19

(2)    Terms of Proposed Attorneys' Fees....................................................19

(3)    Equitable Treatment of Class Members..............................................20

VII.   THE PLAN OF ALLOCATION SHOULD BE FINALLY
APPROVED ................................................................................................20

VIII.  FINAL CERTIFICATION OF THE SETTLEMENT CLASS IS
WARRANTED .............................................................................................22

A.    The Proposed Class Meets the Requirements of Rule 23(b)(1) of
the Federal Rules of Civil Procedure ..................................................22

B.    Adequacy of Named Plaintiffs and Class Counsel .............................23

IX.    CONCLUSION ...........................................................................................24

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591, 620 (1997).........................................................................22

*Beach v. JPMorgan Chase Bank, N.A.,*
2019 WL 2428631 (S.D.N.Y. June 11, 2019) ........................................22

*Behrens v. Wometco Enters., Inc.,*
118 F.R.D. 534 (S.D. Fla. 1988) .............................................................12

*Bekker v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.,*
504 F. Supp. 3d 265 (S.D.N.Y. 2020)......................................................20

*In re BellSouth Corp. ERISA Litig.,*
2006 WL 8431178 (N.D. Ga. Dec. 5, 2006) .................................... 10, 13

*Bennett v. Behring Corp.,*
737 F.2d 982 (11th Cir. 1984) ........................................................*Passim*

*Boyd v. Coventry Health Care Inc.,*
299 F.R.D. 451 (D. Md. 2014) ................................................................14

*Brotherston v. Putnam Invs, LLC,*
No. 15-13825-WGY (D. Mass. April 29, 2020)......................................14

*Cassell v. Vanderbilt Univ.,*
2018 WL 5264640 (M.D. Tenn. Oct. 23, 2018) ......................................22

*Cates v. Trustees of Columbia Univ.,*
No. 1:16-cv- 06524-GBD, 2021 WL 4847890 (S.D.N.Y. Oct. 18, 2021).................19

*In re Checking Account Overdraft Litig.,*
830 F. Supp. 2d 1330 (S.D. Fla. 2011).....................................................12

*Cin-Q Autos., Inc. v. Buccaneers Ltd. P'ship,*
2022 WL 911388 (M.D. Fla. Mar. 29, 2022) ..........................................17

*Cotter v. Checkers Drive-In Rests.*,
No: 8:19-cv-1386- VMC-CPT, 2021 WL 3773414 (M.D. Fla. Aug. 25, 2021) .......... 13

*Cotton v. Hinton*,
559 F.2d 1326 (5th Cir. 1977) ...................................................................... 15

*Cunningham et al. v. Cornell Univ.*,
2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) ............................................... 24

*In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*,
248 F.R.D. 483 (E.D. Mich. 2008) ............................................................ 10

*Diaz v. BTG Int'l., Inc.*
2021 WL 2414580 (E.D. Pa. June 14, 2021) ............................................. 24

*Dorado v. Bank of Am., N.A.,*
2017 WL 5241042 (S.D. Fla. Mar. 24, 2017) ............................................ 17

*Dover v. Yanfeng US Automotive Interior Sys. I LLC*,
2023 WL 2309762 (E.D. Mich. Mar. 1, 2023) ........................................... 15

*Family Med. Pharm., LLC v. Trxade Group, Inc.*,
2017 WL 1042079 (S.D. Ala. Mar. 17, 2017) ........................................... 11

*Faught v. Am. Home Shield Corp.*,
668 F.3d 1233 (11th Cir. 2011) .................................................................... 7

*Feinberg v. T. Rowe Price Group, Inc.*,
610 F.Supp.3d 758 (D.C. MD. 2022) ....................................................... 17

*Fernandez v. Merrill Lynch, Pierce, Fenner Smith Inc.*, , 21
No. 15-22782-CIV, 2017 WL 7798110 (S.D. Fla. Dec. 18, 2017) ........................... 16

*Fla. Educ. Ass'n v. Dep't of Educ.*,
No. 4-17-CV-414-RH/CAS, 2019 WL 8272779 (N.D. Fla. Nov. 4, 2019).............. 18

*In re Global Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) .............................................................. 12

*Henderson,v. Emery Univ.*
No. 1:16-cv-02920-CAP, 2020 WL 9848976 (N.D. Ga. June. 11, 2020).................. 22

*Huang et al v. TriNet HR III, Inc. et al*,
No. 8:2020cv02293 (M.D. Fla. Apr. 26, 2023) .................................................. 10, 22

*In re Ikon Office Solutions, Inc., Securities Litig.*,
194 F.R.D. 166 (E.D. Pa. 2000) ...............................................................................21

*Jacobs v. Verizon Communications, Inc. et al.*,
2020 WL 5796165 (S.D.N.Y. Sept. 29, 2020) .........................................................22

*Janicijevic v. Classica Cruise Operator, Ltd.*,
20-cv-23223, 2021 WL 2012366 (S.D. Fla. May 19, 2021) ......................................11

*Karg v. Transamerica Corp.*,
2020 WL 3400199 (N.D. Iowa Mar. 25, 2020) .......................................................22

*Karpik v. Huntington Bancshares Inc.*,
2021 WL 757123 (S.D. Ohio Feb. 18, 2021)............................................................12

*Kuhr v. Mayo Clinic Jacksonville*,
530 F. Supp. 3d 1102 (M.D. Fla. 2021) ...................................................................17

*Law v. National Collegiate Athletic Ass'n*,
108 F.Supp.2d 1193 (D. Kan. 2000) ........................................................................20

*Lipuma v. Am. Express Co.*,
406 F. Supp. 2d 1298 (S.D. Fla. 2005)......................................................................17

*Loomis v. Nextep, Inc.*,
No. CIV-21-0199-HE (W.D. Okla. Feb. 14, 2023).................................................14

*Medoff v. CVS Caremark Corp.*,
No. 09-CV-554- JNL, 2016 WL 6322386 (D.R.I. Feb. 17, 2016)............................14

*Millstein v. Holtz*,
NO. 21-CV-61179-RAR, 2022 WL 18024840 (S.D. Fla. Dec. 30, 2022).............*Passim*

*Nelson v. Mead Johnson & Johnson Co.*,
484 Fed. Appx. 429 (11th Cir. 2012)................................................................. 11, 18

*Perez v. Asurion Corp.*,
501 F. Supp. 2d 1360 (S.D. Fla. 2007)......................................................................12

*Pizarro v. Home Depot, Inc.,*
2020 WL 6939810 (N.D. Ga. Sept. 21, 2020) ........................................................22

*Pledger v. Reliance Trust Co.,* , 9
No. 1:15-CV-4444-MHC, 2021 WL 2253497 (N.D. Ga. Mar. 8, 2021) .............*Passim*

*Sims v. BB&T Corp.,*
*No. 1:15-CV-732,* 2019 WL 1995314 (M.D.N.C. May 6, 2019)..........................14

*Strube v. Am. Equity Inv. Life Ins. Co.,*
226 F.R.D. 688 (M.D. Fla. 2005) ................................................................15

*In re Suntrust Banks, Inc. ERISA Litig.,*
2016 WL 4377131 (N.D. Ga. Aug. 17, 2016) ........................................................22

*Taylor v. Service Corp. Int'l,*
NO. 20- CV-60709-RAR, 2023 WL 2346295 (S.D. Fla. Mar. 3, 2023).............12, 16

*Thompson v. State Farm Fire and Casualty Co.,*
NO. 5:14-cv-00032 (MTT),
C.A. No. 5:17-cv-0028 (MTT),
2019 WL 13076640 (M.D. Ga. Jan. 14, 2019)...................................................9, 15

*Tweedie v. Waste Pro of Fla., Inc.,*
2021 WL 3500844 (M.D. Fla. May 4, 2021)............................................................10

*In Re United States Sugar Corp. Litig.,*
No. 08-80101-CIV-MIDDLEBROOKS,
2011 WL 13173854 (S.D. Fla. Jan. 24, 2011) ........................................................9

*Vellali v. Yale Univ.,*
33 F.R.D. 10 (D. Conn. 2019 ................................................................................22

*Wachala et al. v. Astella US LLC et al.,*
2022 WL 408108 (N.D. Ill. Feb. 10, 2022) ............................................................22

*Wilson v. EverBank, N.A.,*
No. 22264, 2016 WL 457011 (S.D.Fla. Feb. 3, 2016) ............................................11

## STATUTES

FED. R. Civ. P. 23 ...................................................................................................

FED. R. CIV. P. 23(b)(1) ..................................................................22

FED. R. CIV. P. 23(e) ......................................................................24

FED. R. CIV. P. 23(e)(2) ..................................................................18

FED. R. CIV. P. 23(e)(2)(C)(ii), (C)(iii) and (D) ............................19

FED. R. CIV. P. 23(g) ......................................................................24

**OTHER SOURCES**

Employee Retirement Income Security Act of 1974 ........................*Passim*

*Newberg on Class Actions* § 1150 (4th ed. 2002) ...........................................9

Restatement (Third) of Trusts § 100 (Am. L. Inst. 2012) ........................................12

## I.    INTRODUCTION

On March 11, 2024, the Court preliminarily approved the Settlement in this Action (ECF No. 118) ("Preliminary Approval Order"), which provides for the creation of a $650,000.00 Settlement Fund.[1] The Court previously certified a Settlement Class and appointed Plaintiffs as class representatives and Capozzi Adler, P.C ("Capozzi Adler") as Class Counsel (ECF No 92). Plaintiffs and Class Counsel believe each of these findings in the Preliminary Approval Order should be made final because the proposed Settlement represents an outstanding recovery. Class Counsel achieved this Settlement only after several months of extended arms' length negotiations by experienced counsel on both sides.

The Settlement Class has received full and fair notice of the terms of the Settlement through individualized direct mail and a dedicated Settlement website, in accordance with the Preliminary Approval Order. After mailing the approved form of the Notice of Class Action Settlement to Class Members, Class Counsel has thus far received no objections.[2] Plaintiffs respectfully request this Court to approve the

---

[1] The Settlement Agreement, previously submitted to the Court, is being submitted herein as Exhibit 1 to the Declaration of Mark K. Gyandoh ("Gyandoh Decl.") which is filed contemporaneously with this memorandum. The Settlement Agreement has several exhibits. These exhibits are the: Final Approval Order and Judgment (Ex. A), Long Form Settlement Notice (Ex. B), Plan of Allocation (Ex. C), Preliminary Approval Order (Ex. D), and the proposed Short Form Postcard Settlement Notice (Ex. E). Undefined capitalized terms herein have the same meaning as in the Settlement Agreement.

[2] Per the schedule established by this Court in the Preliminary Approval Order, the objection deadline is June 18, 2024. *See* ECF No. 118, ¶ 15 (setting the objection deadline as 21 days before the Final Approval Hearing scheduled for July 9, 2024). To the extent any objections are filed regarding the requested attorneys' fees or any aspect of the Settlement, Class Counsel will address the objection(s) in a supplemental filing to this Court in advance of the Final Approval

Settlement.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Parties and the Class

Plaintiffs are Robert T. Stengl, Daniel Will, Gary L. Colley, Leslie D. Diaz, Amaya Johnson, William A. McKinley and John Karipas. (AC ¶¶ 26-33). Plaintiffs were participants in the L3 Technologies Master Savings Plan ("Plan"). *Id.* The Defendants are L3Harris Technologies, Inc. ("L3Harris"), the Board of Directors of L3Harris Technologies, Inc., and the Investment Committee of L3Harris Technologies, Inc. Defendants are alleged to be fiduciaries of the Plan. The proposed Settlement Class consists of persons who were participants in the Plan between November 23, 2015 through December 31, 2019. The Plan ceased to exist after 2019, because it was merged into a successor plan as a result of a corporate merger (the "Current Plan")

### B.    Claims for Relief

Plaintiffs' claims concern Defendants' alleged breaches of fiduciary duties as Plan fiduciaries by, *inter alia*, (1) failing to objectively and adequately review the Plan's investment portfolio with due care to ensure that each investment option was prudent, in terms of cost; (2) maintaining certain funds in the Plan despite the availability of identical or materially similar investment options with lower costs and/or better performance histories; and (3) failing to control the Plan's

---

Hearing no later than July 2, 2024. *See* Preliminary Approval Order, ¶ 23.

administrative and recordkeeping costs. (AC ¶ 19). The claims alleged in the
operative complaint are as follows:

> COUNT I: Breaches of Fiduciary Duty of Prudence (asserted against the
> Committee)
>
> COUNT II: Failure to Adequately Monitor Other Fiduciaries (asserted against
> L3Harris and the Board).

Defendants deny each of these claims and deny that they ever engaged in any
wrongful conduct.

### C.    Procedural History

Plaintiffs filed their original Complaint on March 18, 2022, following several
months of pre-trial investigation and then exhausting the Plan's administrative
remedies. Gyandoh Decl., ¶¶ 3-6. Prior to filing suit, Plaintiffs engaged consulting
experts and requested numerous documents and information from Defendants
pursuant to Section 104(b)(4) of ERISA. Plaintiffs filed an Amended Complaint on
June 14, 2022 (ECF No. 40). *Id.*, ¶ 7. Defendants filed a Motion to Dismiss the
Amended Complaint on June 24, 2022 (ECF No. 43). *Id.*, ¶ 9. On July 15, 2022,
Plaintiffs filed their opposition, and on July 28, 2022, Defendants filed their reply.
(ECF Nos. 49 and 53, respectively). *Id.*, ¶ 10. On March 24, 2023, the Court denied
Defendants' Motion to Dismiss entirely. (ECF No. 72). *Id.*

Following the Court's ruling on the motion to dismiss, the Parties engaged in
fact and expert discovery, including the exchange of expert reports. Gyandoh Decl.,
¶¶ 17-23. Defendants produced over 16,000 pages of documents and deposed seven

of the original eight (one Plaintiff dropped out) Plaintiffs as well as Plaintiffs' expert.[3]
*Id*. Plaintiffs deposed two committee members and Defendants' three expert
witnesses. *Id*.

Plaintiffs filed an Unopposed Motion for Class Certification (ECF 63) on
November 28, 2022. This Court issued an Order Granting the Motion to Certify
Class on June 5, 2023 (ECF No. 92). Defendants then filed a motion to exclude the
testimony of Plaintiffs' expert (ECF No. 97) and a motion for summary judgment
(ECF No. 99). Both motions were fully briefed by the Parties by October 20, 2023.

The Parties participated in two mediation sessions before Jay M. Cohen, Esq. Those
sessions took place on September 18, 2023 and on December 21, 2023. *Gyandoh Decl.,* ¶¶
15, 16. The Parties ultimately reached an agreement in principle to settle the Action
on mutually agreeable terms on December 21, 2023. *Id.*, ¶ 26.

## III.    THE SETTLEMENT AGREEMENT

The Settlement provides that Defendants will pay $650,000.00 (six hundred
and fifty-thousand dollars) – the Settlement Amount – to fund all aspects of the
settlement, including amounts to be allocated to participants on a *pro-rata* basis
pursuant to the proposed Plan of Allocation. *See* Gyandoh Decl., Exhibit 1, the
Settlement Agreement. Plaintiffs agree to release their claims on behalf of the
Settlement Class and dismiss this Action. *Id*. The Settlement Fund will be used to

---

[3] On June 1, 2023, the Parties filed a Joint Stipulation of Dismissal of Plaintiff Ronald F.
Kosewicz (ECF No. 90). The Court issued an Order Granting the Joint Stipulation on June 5,
2023 (ECF No. 91).

pay the participants' recoveries, administrative expenses to facilitate the Settlement, and Class Counsel's attorneys' fees and costs, and Class Representatives' Compensation if awarded by the Court. Gyandoh Decl., ¶ 29.  The Class Members include all individuals in the Settlement Class, or:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the L3 Technologies Master Savings Plan, which was formerly known as the L-3 Communications Master Savings Plan, from November 23, 2015 through December 31, 2019. (the "Class Period").

Preliminary Approval Order, ¶ 6.

The Distributable Settlement Amount (money remaining after payment of attorneys' fees and expenses, Administration Costs, and other Court-approved or defined costs in the Settlement Agreement) will be allocated to each Class Member in proportion to the sum of that Class Member's balance as compared to the sum of the Balance for all Class Members.[4] *See* Gyandoh Decl., Exhibit 1, the Settlement Agreement, at Plan of Allocation at II.C. Former Participants who are entitled to a distribution of $5.00 or less (the Former Participant De Minimis Amount) will not receive a distribution from the Distributable Settlement Amount. *Id.*, ¶ 34 (citing Plan of Allocation at II.D). For a Settlement Class Member whose account in the Current Plan has a positive balance as of the calculation of the Final Entitlement

---

[4] The concurrently filed Motion For An Award of Attorney's Fees and Reimbursement of Expenses and Case Contribution Awards and Memorandum in Support, details the fees and costs being sought by Plaintiffs and Class Counsel.

Amount, the Final Entitlement Amount will be deposited directly to that account in the Current Plan. *Id.*, ¶ 34 (citing *Id.* at II.E). Former Participants shall be paid by check. *Id.*, ¶ 34 (citing *Id.* at II.F).

The Settlement also provides that Defendants were to retain an Independent Fiduciary to approve and authorize the settlement on behalf of the Plan. *See* Settlement Agreement, Sections 1.27. Defendants have retained an independent fiduciary who is reviewing the Settlement on behalf of the Plan, and Plaintiffs will include his report with their supplemental brief. All Independent Fiduciary Fees shall be considered Administrative Costs and shall be payable from the Settlement Amount after such funds are deposited with the Escrow Agent and upon receipt of any invoice from the Independent Fiduciary. *Id.* Section 1.28.

## IV.    THE NOTICE PLAN HAS BEEN EFFECTIVELY IMPLEMENTED

Pursuant to the Preliminary Approval Order, Class Counsel has overseen the issuance of the Court-approved Class Notice. Class Counsel retained Analytics Consulting, LLC ("Analytics") to serve as settlement and notice administrator. *See* Gyandoh Decl., ¶ 35 (citing Declaration of Settlement Administrator in Support of Plaintiffs' Motion for Final Approval attached thereto as Exhibit 2). Prior to mailing out the Class Notice on April 25, 2024, the Long Form Settlement Notice was made available on the Settlement Website on March 25, 2024.  The Class Notice directs participants to the Settlement Website for additional details about the settlement.

On March 21, 2024, Defendants provided Analytics with spreadsheets containing, among other information, the names, mailing addresses, and social

security numbers for a total of 76,247 unique Settlement Class Members. Mitchell

Decl., ¶ 6. The Short Form Postcard Settlement Notice was mailed, by first-class

mail, on April 25, 2024. *Id.* at 8.  Analytics updated the Settlement Class Member

address information by cross-referencing it with the U.S. Postal Service National

Change of Address database. Mitchell Decl., ¶ 7.

As of May 17, 2024, "out of 76,247 Postcard Notices that were mailed by first-

class mail, only 730 (approximately .96%) were ultimately undeliverable." *Id.* at ¶ 11.

Accordingly, the notice program was extremely successful. The notice program

apprised Settlement Class members of the terms of the Settlement, and of their right

to object to any or all of the terms of the Settlement, Plan of Allocation, Case

Contribution Awards, or to Class Counsel's motion for award of attorneys' fees and

reimbursement of litigation expenses. The Class Notice was also posted on a

dedicated website – www.401kplansettlement.com (launched on March 21, 2024) –

through which the public, and the Plan's current and former participants could view

essential case information. *See* Mitchell Decl., ¶ 12. On February 26, 2024, Analytics

also established a case-specific toll-free number for Settlement Class members to call

to obtain information regarding the Settlement. Mitchell Decl., ¶ 13.

> As the Eleventh Circuit has noted:
>
> We have interpreted Rule 23 to require that class members be given
> 'information reasonably necessary to make a decision [whether] to
> remain a class member and be bound by the final judgment or opt out
> of the action,' though the notice need not include 'every material fact'
> or be 'overly detailed.'

*Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011) (citations

omitted).

Here, the notice program includes direct mail notice to absent class members, reaching close to a 100% success rate, and is supplemented by a settlement website and a toll-free telephone number, this constitutes the "best notice practicable." *See Pledger v. Reliance Trust Co.*, No. 1:15-CV-4444-MHC, 2021 WL 2253497, at *4 (N.D. Ga. Mar. 8, 2021) (finding notice program to satisfy due process because the notice "was timely distributed by electronic or first-class mail to all Class Members who could be identified with reasonable effort, and Settlement Notice was published on the Settlement Website maintained by Class Counsel".) Indeed, the Court previously found the combination of the direct-mail Class Notice and dedicated Settlement website was adequate to inform Settlement Class members of the terms of the proposed Settlement, how to lodge an objection, and how to obtain additional information. *See* Preliminary Approval Order, ¶ 11.

## V.    THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT

### A.    Legal Standard

When assessing whether a proposed settlement "is fair, adequate, and reasonable and is not the product of collusion between the parties" the Eleventh Circuit instructs district courts to consider the following six *Bennett* factors:

> (1) the likelihood of success at trial;
> (2) the range of possible recovery;
> (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable;
> (4) the complexity, expense and duration of litigation;

(5) the substance and amount of opposition to the settlement; and

(6) the stage of proceedings at which the settlement was achieved.

*Pledger*, 2021 WL 2253497, at* 5 (Citing *Bennett v. Behring Corp.*, 737 F.2d 982,986 (11th Cir. 1984)). There is an overriding public interest in settling litigation, particularly in class actions. See, e.g., *Thompson v. State Farm Fire and Casualty Co.*, NO. 5:14-cv-00032 (MTT), C.A. No. 5:17-cv-0028 (MTT), 2019 WL 13076640, at *4 (M.D. Ga. Jan. 14, 2019) (quoting 4 Newberg on Class Actions § 11:50 at 155 (4th ed. 2002) ("in most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results."); *In Re United States Sugar Corp. Litig.*, No. 08-80101-CIV-MIDDLEBROOKS, 2011 WL 13173854, at *2 (S.D. Fla. Jan. 24, 2011) ("Given federal courts' time-worn policy favoring the voluntary resolution of complex class action cases, a strong initial presumption of fairness attaches to any class action settlement reached by experienced counsel following arms-length negotiations.") (Internal citations omitted.)

### B. The Settlement Satisfies the Eleventh Circuit's *Bennett* Factors Underscoring Its Fairness, Reasonableness, and Adequacy

#### 1. The likelihood of Success at Trial (*Bennett* Factor #1)

If this case were to proceed to trial, the Parties would litigate whether Defendants' failure to prudently replace funds in the Plan with lower cost, better performing alternatives, and Defendants' failure to monitor and control the Plan's recordkeeping costs, constituted a breach of Defendants' fiduciary duties to Plan participants. This factor is satisfied when "[t]he Settlement Class Members also

benefit from the potential receipt of a monetary payment without the expense and risks associated with litigation, including the risk of a smaller or no award." *Tweedie v. Waste Pro of Fla., Inc.*, 2021 WL 3500844, at * 10 (M.D. Fla. May 4, 2021).

Although a trial on the merits in any case always entails some risk, in the context of ERISA breach of fiduciary duty class actions, the risk of losing at trial is especially considerable. *See, e.g., In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 496-97 (E.D. Mich. 2008) ("Plaintiffs admit that risk is inherent in any litigation, particularly class actions. The risk is even more acute in the complex areas of ERISA law … ."); *In re BellSouth Corp. ERISA Litig.*, 2006 WL 8431178, at*5 (N.D. Ga. Dec. 5, 2006) ("[T]he rapid influx of new [ERISA] precedents presents an ever changing legal landscape, and there is a constant risk that the law will change before judgment."). *Huang et al v. TriNet HR III, Inc. et al*, No. 8:2020cv02293 (M.D. Fla. Apr. 26, 2023) (granting the defendants' motion for summary judgment in an ERISA "excessive fee" case).

Indeed, the Defendants' summary judgment motion, and motion to exclude the expert testimony of Plaintiffs' expert, highlights that a potential trial brings real uncertainties. Although Plaintiffs are confident in their case, they are also very aware of the significant risk they could recover nothing or recover less in damages than the Settlement provides. Thus, this factor is satisfied.

Both Plaintiffs' counsel and Defendants' counsel are experienced in ERISA

class actions of this type and approve of the Settlement.  As discussed in greater detail in the Gyandoh Declaration, the vast experience of Class Counsel in analogous actions weighs strongly in favor of the fairness of the proposed Settlement, a Settlement which Class Counsel firmly stands behind. Gyandoh Decl., ¶¶ 1-2, 73-83.  Counsel for Defendants, Sidley Austin LLP, who represented Defendants throughout the case,  are one of the preeminent firms in the country defending ERISA class actions. *See* [https://www.sidley.com/en/services/erisa-litigation](https://www.sidley.com/en/services/erisa-litigation). Courts within the Eleventh Circuit have similarly found this factor met when counsel on both sides believe the settlement is fair and reasonable. *See e.g., Family Med. Pharm., LLC v. Trxade Group, Inc.*, 2017 WL 1042079, *4 (S.D. Ala. Mar. 17, 2017): "In considering the settlement, the district court may rely upon the judgment of experienced counsel for the parties.' […] Thus, '[a]bsent fraud, collusion, or the like, the district court 'should be hesitant to substitute its own judgment for that of counsel.'" (*Quoting Nelson v. Mead Johnson & Johnson Co.*, 484 Fed. Appx. 429, 434 (11th Cir. 2012); *Janicijevic v. Classica Cruise Operator, Ltd.*, 20-cv-23223, 2021 WL 2012366, at *5 (S.D. Fla. May 19, 2021) (same); *Wilson v. EverBank, N.A.*, No. 14–cv 22264, 2016 WL 457011, at *15 (S.D.Fla. Feb. 3, 2016) (same).

2. **The Range of Possible Recovery and The Point on or Below the Range of Possible Recovery at Which a Settlement is Fair, Adequate, and Reasonable (*Bennett* Factors #s 2 and 3)**

"A district court must first determine the appropriate standard of damages (in

order to calculate the range of recovery), and then determine where in this range of recovery a fair, adequate and reasonable settlement amount lies." *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1380 (S.D. Fla. 2007) (citing *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 541 (S.D. Fla. 1988)). Here, "the legal and factual complexities and uncertainties of the ERISA damages case also militate in favor of settlement." *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 460 (S.D.N.Y. 2004). This is because, "[e]ven if Plaintiffs established a fiduciary breach, it is 'difficult' to measure damages in cases alleging imprudent or otherwise improper investments." *Karpik v. Huntington Bancshares Inc.*, 2021 WL 757123, at *5 (S.D. Ohio Feb. 18, 2021) (quoting Restatement (Third) of Trusts § 100 cmt. b(1) (Am. L. Inst. 2012)).

When considering if the range of possible recovery weighs in favor of settlement approval, "the Court is guided by the important maxim that the fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate." *Taylor v. Service Corp. Int'l*, NO. 20- CV-60709-RAR, 2023 WL 2346295, at *4 (S.D. Fla. Mar. 3, 2023) (quoting *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1350 (S.D. Fla. 2011)). *See also Millstein v. Holtz*, NO. 21-CV-61179-RAR, 2022 WL 18024840, at*6 (S.D. Fla. Dec. 30,2022) (same). Importantly, in ERISA actions, "the questionable likelihood of success also affects the possible range of recovery because, even if Plaintiffs prevailed on liability with respect to one or more claims, they would not be assured of a recovery to the full extent of claimed damages. This case was complex, expensive,

and time-consuming which, when combined with the uncertainty of recovery, meant that the range of possible recovery included amounts far less than those agreed to in the Settlement Agreement." *Pledger,* 2021 WL 2253497, at *5. *See also In re BellSouth Corp. ERISA Litig.*, No. 1:02-CV-2440, 2006 WL 8431178, at *6 ("this case presents many risks, including the risk that liability would not be established under ERISA, and that even with a liability determination, recoverable losses might be zero, or, at least, less than the value of the Settlement."); *Millstein*, 2022 WL 18024840, at*4 ("Even if the Class did prevail at trial, after expending significant resources in discovery and litigation, it is likely that the payment of such expenses would significantly reduce the net recovery for  members of the Class."); *Cotter v. Checkers Drive-In Rests.*, No: 8:19-cv-1386- VMC-CPT, 2021 WL 3773414, at*7 (M.D. Fla. Aug. 25, 2021) ("risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain.").

Here, Plaintiffs recognize Defendants' experts' opinions and pending motion to exclude Plaintiffs' expert's testimony cast doubt on the class's ability to realize the full amount of likely potential damages, especially relating to the investment funds. Indeed, if the Court were to side with Defendants it would result in zero damages regarding the investment fee claim and potentially zero damages for the recordkeeping claim as well.

Plaintiffs' Counsel evaluated numerous damages scenarios involving the claims in the case. Regarding the investment funds claim, Defendants made strenuous arguments in their motions for summary judgment and to exclude

Plaintiffs' expert that there were no damages resulting from the investment funds claim. (*See* ECF Nos. 97-99). Taking Defendants' arguments into due consideration, Plaintiffs believed their most realistic viable claims related to the recordkeeping claim, which Plaintiffs estimated to have a maximum potential value of just under $3 million. Gyandoh Decl. at ¶ 33. A settlement amount of $650,000 (representing roughly 22% of the likely best-case outcome) is above the typical percentage district courts have approved. *See Medoff v. CVS Caremark Corp.*, No. 09-CV-554- JNL, 2016 WL 632238, at *6 (D.R.I. Feb. 17, 2016) (noting that 5.33% is "well above the median percentage of settlement recoveries in comparable securities class action cases."); *Loomis v. Nextep, Inc.*, No. CIV-21-0199-HE (W.D. Okla. Feb. 14, 2023) (an analogous ERISA decision approving a settlement of $1,100,000.00 where the plaintiffs' estimated damages ranged from $2 to $3 million)*; Sims v. BB&T Corp.,  No. 1:15-CV-732,* 2019 WL 1995314, at *5 (M.D.N.C. May 6, 2019) (approving a settlement of 19% of the total damages sought by the plaintiffs); *Boyd v. Coventry Health Care Inc.,* 299 F.R.D. 451, 463 (D. Md. 2014) (approving a settlement of $3.6 million where Plaintiffs estimated damages could be as high as $111 million); *Brotherston v. Putnam Invs, LLC*, No. 15-13825-WGY (D. Mass. April 29, 2020) (preliminarily approving a 28% recovery). Thus, the settlement is fair, reasonable, and adequate in light of the potential of recovering nothing or having a larger recovery reduced by substantial litigation costs.

3. **The Complexity, Expense, and Duration of Litigation (*Bennett* Factor #4)**

"Particularly in class action suits, there is an overriding public interest in favor of settlement [because it] is common knowledge that class action suits have a well deserved reputation as being most complex." *Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 698 (M.D. Fla. 2005) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). ERISA breach of fiduciary duty cases such as this have been recognized as being especially complex. *See, e.g.*, *Pledger v. Reliance Trust Co.*, 2021 WL 2253497, at *7 (N.D. Ga. Mar. 8, 2021) ("Effectively and successfully litigating an ERISA breach of fiduciary action requires a specialized knowledge and expertise that was demonstrated by Class Counsel. This litigation involved highly technical knowledge of investment plans, investment knowledge, and industry practices."); *Dover v. Yanfeng US Automotive Interior Sys. I LLC*, 2023 WL 2309762, at *5 (E.D. Mich. Mar. 1, 2023) ("ERISA class actions are complex, and the record shows that counsel fought ably to vindicate their clients' interests in the face of rapidly evolving law regarding fiduciary duties under ERISA.").

Courts consider a settlement is appropriate when "recovery by any means other than settlement likely would require additional years of litigation involving numerous expert witnesses, extensive motion practice, hearings, and appeals. […] Moreover, continued litigation of Plaintiff's claims would require a significant outlay of time and expenses for the parties over the course of several years, not to mention the consumption of significant judicial resources." *Thompson*, 2019 WL 13076640, at *4. *See also Millstein*, 2022 WL 18024840, at *5 ("the Settlement is the best vehicle for Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient

15

manner. The costs and expenses associated with a trial would have been enormous,
including the costs and fees associated with the Class's experts and the presentation of
evidence. These considerations militate heavily in favor of the Settlement.") *Taylor*,
2023 WL 2346295, at *4 (same).

This Action began after Plaintiffs exhausted their administrative remedies
and has lasted for over two years. The motion to dismiss stage, the summary
judgment stage, fact discovery, and expert discovery evince the Parties have
expended time and resources to prepare and litigate the case fully through trial.
Further proceedings would require expert testimony from both sides, with the Court
and Parties expending significant time and resources.

Moreover, both Parties and an experienced mediator find this factor weighs
in favor of approval. *See e.g., Fernandez v. Merrill Lynch, Pierce, Fenner Smith Inc.*, No.
15-22782-CIV, 2017 WL 7798110, at *2 (S.D. Fla. Dec. 18, 2017) (approving a
settlement where "the parties retained a highly qualified ERISA lawyer as their
private mediator to assist them in negotiating the Settlement. The Parties were well-
represented by highly experienced counsel with class and complex litigation
experience, and counsel have represented to this Court that they recommend the
fairness of the Settlement."). The Parties reached an agreement under the guidance
of Jay M. Cohen, Esq, a respected mediator from this Court's panel of mediators.
Gyandoh Decl., ¶ 15-16. Therefore, this factor weighs in favor of preliminary
approval.

16

### 4. **The Substance and Amount of Opposition to The Settlement (*Bennett* Factor #5)**

Class Notice, was mailed to 76,247 potential Settlement Class Members, and has not received any objections to date.[5] "The lack of any substantial opposition to the proposed Settlement indicates that it is fair, adequate, and reasonable." *Kuhr v. Mayo Clinic Jacksonville*, 530 F. Supp. 3d 1102, 1118 (M.D. Fla. 2021). *See also*, *Feinberg v. T. Rowe Price Group, Inc.*, 610 F.Supp.3d 758, 769 (2022) (approving settlement where "[s]ignificantly, there have been no objections by class members").

### 5. **The Stage of Proceedings at Which the Settlement Was Achieved (*Bennett* Factor #6)**

Before finally approving a settlement, the Court must "ensure that Plaintiffs had access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation." *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005). The Parties attended two mediations after voluminous fact discovery, completion of expert discovery, and Defendants' filing of their motion for summary judgment and motion to exclude Plaintiffs' expert. Thus, this Settlement was reached at an appropriate stage because "each side entered the negotiations with a full understanding of the issues and potential pitfalls related to litigation of the claims." *Cin-Q Autos., Inc. v. Buccaneers Ltd. P'ship,* 2022 WL 911388, at *25 (M.D. Fla. Mar. 29, 2022); *see also, Dorado v. Bank of Am., N.A.,* 2017 WL 5241042, at *5 (S.D. Fla. Mar. 24, 2017) (finding this

---

[5] As noted above in n. 2, the objection deadline is June 18, 2024.

factor was satisfied because "[t]he case settled after meaningful discovery occurred, which permitted Plaintiff to evaluate the strengths and any weaknesses in her claim").

Moreover, Class Counsel believes the Settlement is an excellent result for the Settlement Class, which weighs in favor of approving the Settlement. *See, e.g.*, *Fla. Educ. Ass'n v. Dep't of Educ.*, No. 4-17-CV-414-RH/CAS, 2019 WL 8272779, at *4 (N.D. Fla. Nov. 4, 2019) (finding it persuasive that "the settlement is recommended by experienced class counsel, who are highly competent, with many years of experience litigating class actions including" similar cases); *Fam. Med. Pharmacy, LLC v. Trxade Grp.*, Inc., No. CV 15-0590-KD-B, 2017 WL 1042079, at *5 (S.D. Ala. Mar. 17, 2017) ("In considering the settlement, the district court may rely upon the judgment of experienced counsel for the parties." (quoting *Nelson*, 484 F. App'x at 434)).

Thus, the Settlement is fair, reasonable, and adequate in accordance with all six of the *Bennett* Factors.

## VI.    THE REQUIREMENTS OF FED. R. CIV. P. 23(e)(2) ARE SATISFIED

Under FED.R.CIV.P. 23(e)(2), the Court is to consider when determining whether to grant final approval the following factors: (1) "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims"; (2) "the terms of any proposed award of attorney's fees, including timing of payment"; and (3) whether "the proposal treats

class members equitably relative to each other." FED. R. CIV. P. 23(e)(2)(C)(ii), (C)(iii) and (D)[6].

### (1) Effectiveness of Plan Distribution

The proposed Plan of Allocation, described *infra* in Section VII, allocates the Distributable Settlement Amount to Class Members using the same method used in other analogous ERISA matters and is highly effective. Current Plan participants – those who maintain accounts in the Current Plan – will have payments made directly into their accounts. Former participants – those who no longer maintain a Current Plan account – shall be paid directly by the Settlement Administrator.

### (2) Terms of Proposed Attorneys' Fees

The Settlement does not excessively compensate Class Counsel. The Settlement is not contingent on Class Counsel receiving a specific amount of fees and any fees they receive will be determined by the Court. The amount of fees Class Counsel is requesting, a third of the Settlement Fund, is reasonable and consistent with the awards in other ERISA cases. This amount is in line with analogous awards in ERISA class action cases so the requirement of Rule 23(e)(2)(C)(ii) will likely be met.[7]

---

[6] There are no agreements other than the Settlement Agreement, thus FED. R. CIV. P. 23(e)(2)(c)(iv) is irrelevant.

[7] *See, e.g, Pledger*, No. 1:15-CV-4444-MHC, 2021 WL 2253497 (N.D. Ga. Mar. 8, 2021); *Fernandez*, No. 15-22782-CIV, 2017 WL 7798110, at *4; *Feinberg*, 610 F.Supp.3d at 771; *McDonald v. Edward Jones*, 791 Fed.Appx. 638, 640 (8th Cir. 2020) (affirming judgment awarding the class counsel attorneys' fees of 1/3 of the settlement fund); *see also Kruger v. Novant Health, Inc.*, 2016 WL 6769066, at *6 (M.D.N.C. Sept. 29, 2016); *Cates v. Trustees of*

### (3) Equitable Treatment of Class Members

The Settlement does not unduly favor the Plaintiffs. Plaintiffs' shares of the
Settlement will be based on the Plan of Allocation, a formula based on the losses to
their Plan account. Further, the Plan of Allocation treats Class Members equitably
relative to each other because each member is entitled to their *pro rata* share of losses.
*See Millstein*, 2022 WL 18024840, at *7 ("[h]ere, each Settlement Class Member will
receive a pro rata share of the Settlement Fund, based on each Class Member's
investment. Accordingly, all Settlement Class Members are treated substantially
equally, and the Court finds that this factor weighs in favor of a finding that the
Settlement is fair to and adequate for all Settlement Class Members.") While
Plaintiffs also intend to request Case Contribution Awards, the Settlement is not
contingent on Plaintiffs receiving such awards and the amount Plaintiffs intend to
request is in line with the awards in other cases as explained in the Fee Motion.

Given the above, Rule 23(e)(2) is satisfied.

## VII.   THE PLAN OF ALLOCATION SHOULD BE FINALLY APPROVED

"Approval of a plan of allocation of a settlement fund in a class action is
'governed by the same standards of review applicable to approval of the settlement as
a whole: the distribution plan must be fair, reasonable and adequate.'" *Law v.*

---

*Columbia Univ.*, No. 1:16-cv- 06524-GBD, 2021 WL 4847890 (S.D.N.Y. Oct. 18, 2021); *Bekker
v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.*, 504 F. Supp. 3d 265, 270 (S.D.N.Y. 2020)
(listing ERISA cases awarding one-third of settlement fund); *see also* Plaintiffs' Motion For An
Award of Attorney's Fees and Reimbursement of Expenses and Case Contribution Awards and
supporting Memorandum of Law being filed contemporaneously herewith ("Fee Motion").

*National Collegiate Athletic Ass'n*, 108 F.Supp.2d 1193, 1195 (D. Kan. 2000) (citing *In
re Ikon Office Solutions, Inc., Securities Litig.*, 194 F.R.D. 166, 184 (E.D. Pa. 2000)). "In
general, a plan of allocation that reimburses class members based on the type and
extent of their injuries is reasonable." *Id.* The proposed Plan of Allocation here,
attached to the Settlement Agreement as Exhibit C, is premised on calculating a
Settlement Class Member's distribution on a *pro rata* basis based on account
balances, a proxy for the alleged losses. Former Participants who are entitled to a
distribution of $5.00 or less (the Former Participant *De Minimis* Amount) will not
receive a distribution from the Distributable Settlement Amount. Imposing a *De
Minimis* amount preserves the Distributable Settlement Amount by avoiding
administration costs associated with sending checks for persons whose allocations
are relatively small.   Plan of Allocation at II.D. For a Settlement Class Member
whose account in the Current Plan has a positive balance as of the calculation of the
Final Entitlement Amount, the Final Entitlement Amount will be allocated into his
or her account in the Current Plan. *Id.* at II.E. Former Participants shall be paid
directly by the Settlement Administrator by check. *Id.* at II.F.

## VIII.  FINAL   CERTIFICATION   OF   THE   SETTLEMENT   CLASS   IS WARRANTED

### A.    The Proposed Class Meets the Requirements of Rule 23(b)(1) of the Federal Rules of Civil Procedure

In order to grant final approval of a class action settlement, the Court must first determine whether a class can be certified under Rule 23(a) and at least one prong of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Before entering the Preliminary Approval Order, this Court examined the record and conditionally certified the Settlement Class pursuant to FED. R. CIV. P. 23(b)(1). *See* Preliminary Approval Order. Nothing has changed in the record to compel the Court to now reach a different conclusion with respect to the final approval of the Settlement Class. Indeed, courts within the Eleventh Circuit and across the country have determined breach of fiduciary duty claims under ERISA analogous to those at issue in this action are uniquely appropriate for class treatment.[8] To avoid

---

[8] *See, e.g., Wachala et al. v. Astella US LLC et al.*, 2022 WL 408108, at * 1 (N.D. Ill. Feb. 10, 2022) (certifying claims brought pursuant to ERISA § 502(a)(2); *Huang, et al. v. Trinet HR III, Inc., et al.*, 2022 WL 13631836, at *5 (M.D. Fl. Oct. 21, 2022); *Pizarro v. Home Depot, Inc.,* 2020 WL 6939810 (N.D. Ga. Sept. 21, 2020); *Henderson,* No. 1:16-cv-02920-CAP, 2020 WL 9848976*; In re Suntrust Banks, Inc. ERISA Litig.*, 2016 WL 4377131, at *8 (N.D. Ga. Aug. 17, 2016) (same); *Jacobs v. Verizon Communications, Inc. et al.*, 2020 WL 5796165 (S.D.N.Y. Sept. 29, 2020) (same); *Karg v. Transamerica Corp.*, 2020 WL 3400199 (N.D. Iowa Mar. 25, 2020) (certifying class alleging defendants breached fiduciary duties by selecting poorly performing investment options); *Vellali v. Yale Univ.*, 33 F.R.D. 10 (D. Conn. 2019) (certifying class in case alleging fiduciaries saddled retirement plan with investment options that charged excessive management fees); *Cunningham et al. v. Cornell Univ.*, 2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) (same); *Beach v. JPMorgan Chase Bank, N.A.*, 2019 WL 2428631 (S.D.N.Y. June 11, 2019) (same); *Cassell v. Vanderbilt Univ.*, 2018 WL 5264640 (M.D. Tenn. Oct. 23, 2018) (same).

unnecessary repetition, Plaintiffs request the Court make the same findings it did in

the preliminary approval order, certifying the following Class for settlement purposes

only:

> All persons, except Defendants and their immediate family
> members, who were participants in or beneficiaries of the
> L3 Technologies Master Savings Plan, which was formerly
> known as the L-3 Communications Master Savings Plan,
> from November 23, 2015 through December 31, 2019.

## B. Adequacy of Named Plaintiffs and Class Counsel

Under Rule 23, certification of a class requires that the Court determine both

Plaintiffs and Class Counsel's adequacy. In its Preliminary Approval Order, the

Court found Plaintiffs and Capozzi Adler to be adequate. Since preliminary

approval, Plaintiffs and Capozzi Adler have continued to diligently represent the

Class. In connection with the instant motion for final approval, each of the Plaintiffs

have submitted declarations and Class Counsel has also submitted a declaration to

attest to their adequacy. Plaintiffs dedicated tens of hours to the prosecution of this

action and have no interests antagonistic to the Class. *See* Declarations of Plaintiffs

Robert Stengl, Daniel Will, Gary K. Colley, Leslie D. Diaz, Amaya Johnson,

William A. McKinley, and John Karipas (attached as Exhibits 8, 9, 10, 11, 12, 13,

and 14, respectively, to the Gyandoh Declaration).

Capozzi Adler, P.C. is highly qualified, experienced, and able to litigate this

matter. Mark K. Gyandoh, Partner and Chair of the Fiduciary Practice Group at

Capozzi Adler is a highly qualified ERISA class action attorney. Mark K. Gyandoh,

is currently serving as Lead or Co-Lead Counsel in numerous breach of fiduciary

23

duty class actions in this District and across the nation. Gyandoh Decl., ¶ 76-77; *see also Diaz*, 2021 WL 2414580, at *8 ("[Capozzi Adler] represented that they possess prior experience litigating similar ERISA class actions and complex litigation. They appear well-qualified to weigh the risks and benefits of continued litigation as compared to the relief provided by the Settlement.") Throughout the litigation Class Counsel has used its experience and access to resources to investigate and litigate Plaintiffs' underlying allegations, which ultimately led to the Settlement in this Action. Class Counsel have nearly two decades of experience in complex class actions and recommend this Settlement as the best solution for Settlement Class Members. The retention of highly qualified counsel, coupled with the alignment of interests between Plaintiffs and the Settlement Class members, satisfies the requirements of Rules 23(a)(4) and 23(g).

## IX.    CONCLUSION

For the reasons set forth above, the Settlement meets the standard for final approval under Rule 23. Accordingly, Plaintiffs seek an Order: (1) approving the Class Action Settlement Agreement under FED. R. CIV. P. 23(e); (2) certifying the above-defined Settlement Class; (3) appointing Plaintiffs as Class Representatives and Class Counsel as Class Counsel under FED. R. CIV. P. 23(g); (4) finding the manner in which the Settlement Class was notified of the Settlement was the best practicable under the circumstances and fair and adequate; and (5) approving the Plan of Allocation.

Dated: May 17, 2024                    Respectfully submitted,

**CAPOZZI ADLER, P.C.**

*/s/Mark K, Gyandoh*
Mark K. Gyandoh, Esquire
(admitted *pro hac vice*)

Thomas J. Sinclair, Esquire
(admitted *pro hac vice*)
James A. Wells, Esquire
(admitted *pro hac vice*)
312 Old Lancaster Road
Merion Station, PA 19066
Tel: (610) 890-0200
Fax (717) 233-4103
Email: markg@capozziadler.com
        thomass@capozziadler.com
        jayw@capozziadler.com

**MATTHEW FORNARO, P.A.**

*/s/ Mathew Fornaro*
Matthew Fornaro, Esq.
FL ID #650641
Matthew Fornaro P.A.
11555 Heron Bay Boulevard
Suite 200
Coral Springs, FL  33076
Telephone:  (954) 324-3651
Fax:  (954) 248-2099
Email: mfornaro@fornarolegal.com

*Counsel for Plaintiffs and
the Class*

26

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By:  */s/ Mark K. Gyandoh*
      Mark K. Gyandoh, Esq.

4868-7305-3375v.1