UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT J. STENGL, DANIEL
WILL, GARY K. COLLEY,
LESLIE D. DIAZ, AMAYA
JOHNSON, WILLIAM A.
MCKINLEY and JOHN
KARIPAS,

        Plaintiffs,

v.                                               Case No: 6:22-cv-572-PGB-LHP

L3HARRIS TECHNOLOGIES,
INC., THE BOARD OF
DIRECTORS OF L3HARRIS
TECHNOLOGIES, INC. and THE
INVESTMENT COMMITTEE OF
L3HARRIS TECHNOLOGIES,
INC.,

        Defendants.
_____/

## ORDER

This cause is before the Court on class member Susan J. Fawcett's ("**Fawcett**") Motion for Reconsideration and Motion to Exclude [] from Class Action. (Doc. 135 (the "**Motion**")). Plaintiffs Stengl et al. ("**Plaintiffs**") filed a response in opposition. (Doc. 136 (the "**Response**")). Upon consideration, Fawcett's Motion is denied.

**I.    BACKGROUND**

On March 1, 2024, following a Notice of Settlement (Docs. 112, 113), Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Action

Settlement (Doc. 116 (the "**Preliminary Motion**")). The Court granted the Preliminary Motion on March 11, 2024. (Doc. 118). Then, on May 17, 2024, Plaintiffs filed an Unopposed Motion for Final Approval of Class Action Settlement. (Doc. 121). On July 1, 2024, class member Fawcett filed an untimely objection to the class action settlement (Doc. 127 (the "**Objection**")). (*See* Doc. 118, ¶ 16 (setting deadline for comments and objections to the settlement)). Then, on July 9, 2024, the Court held its Final Approval Hearing, where the Court considered and overruled the Objection. (Doc. 130; Doc. 132 at ¶ 7(f)).

Accordingly, on July 12, 2024, the Court granted Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement. (Doc. 132 (the "**Order**")). In so doing, the Court found the settlement was negotiated in good faith and at arm's-length, and that the terms of the settlement were fair, reasonable, and adequate. (*Id.* at ¶¶ 7(a)–(d)). Additionally, the Court noted that it considered and overruled Fawcett's Objection. (*Id.* at ¶ 7(f)). Fawcett now seeks reconsideration of this portion of the Court's Order. (Doc. 135).[1]

## II.   LEGAL STANDARD

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v.*

---

[1]   Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

2

*Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise under Rule 59(e) or Rule 60(b). *See* FED. R. CIV. P. 59(e), 60(b).

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).[2] It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013, WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. Thus, to prevail on a motion to reconsider, the movant must identify "manifest errors of law or fact" or extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).[3]

## III.  DISCUSSION

In her Motion, Fawcett does not raise any new arguments, extraordinary circumstances, or manifest errors of law or fact that warrant reconsideration of the

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

[3] Reconsideration is an extraordinary remedy that will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence that was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Court's Order. (*See generally* Doc. 135); *Michael Linet*, 408 F.3d at 763; *Arthur*, 500 F.3d at 1343. Instead, Fawcett contends that she is actively pursuing an individual lawsuit against the defendant and is seeking relief based on unique facts and legal theories not common to the class. (Doc. 135, p. 2). That said, Fawcett does not identify where she filed the lawsuit or how the theories and facts supporting her suit are different from those raised in the instant class action. (*See* Doc. 135). Similarly, Fawcett avers, without support, that "the class action's broad claims and settlement strategies do not align with the specific and individual relief sought by [her]." (*Id.* at p. 2). She also seems to contend that Plaintiffs' counsel does not represent her interests and that excluding her from the class promotes judicial economy. (*Id.*).

However, in the Order granting final approval, the Court approved that the class action settlement would be certified under Rule 23(b)(1), and that "[s]ettlement Class Members [would] not be permitted to exclude themselves from the Settlement Class." (*See* Docs. 132, 123-1). The Court specifically found that the prosecution of separate actions by individual members of the settlement class would be contrary to judicial economy. (Doc. 132, ¶ 3(e)). Thus, the Court previously rejected Fawcett's argument that excluding her from the class promotes judicial economy, and Fawcett fails to explain why the Court's ruling was clear error or manifestly unjust. (*See* Docs. 132, 135). Considering Fawcett's Motion otherwise relies on conclusory statements, the Motion must fail.

4

Finally, as Plaintiffs correctly observe, the settlement is final, and Fawcett's Motion is more properly viewed as a collateral attack on the settlement. (Doc. 136, p. 3); *see Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988) (explaining that Rule 60(b) applies to collateral attacks on a settlement); *Juris v. Inamed Corp.*, 685 F.3d 1294, 1313 (11th Cir. 2012) (classifying a challenge to one's ability to opt out of a settlement as collateral). Fawcett fails to support her collateral attack on the settlement with new evidence supporting her arguments. Therefore, under either standard of Rule 59(e) or Rule 60(b), the Motion is denied.

## IV.   CONCLUSION

For these reasons, Susan J. Fawcett's Motion for Reconsideration and Motion to Exclude [] from Class Action (Doc. 135) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 6, 2024.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

5